THE NORTH CAROLINA STATE BAR, PLAINTIFF v. SANDRA J. BARRETT, ATTORNEY, DEFENDANT

No. COA98-412

(Filed 19 January 1999)

**1. Attorneys— comingling funds—acting as rental agent— applicability of Rules of Professional Conduct**

The Disciplinary Hearing Commission of the North Carolina State Bar properly concluded that defendant-attorney violated Rule 10.1(a) of the Rules of Professional Conduct when she failed to separately maintain fiduciary funds and personal funds when acting as an agent to collect rent. Where there is a fiduciary relationship, a lawyer must keep any property received separate from his or her own property and Rule 10.1 applies not only to a lawyer-client relationship but also to other business relationships.

**2. Attorneys— comingling funds—acting as rental agent— records required by Rules of Professional Conduct**

The Disciplinary Hearing Commission of the North Carolina State Bar erroneously concluded that defendant-attorney violated Rule 10.2 of the Rules of Professional Conduct in her management of collected rent accounts where no attorney-client relationship existed. Rule 10.2 relates solely to lawyer-client relationships and it can be interpreted independently of Rule 10.1.

Appeal by defendant from judgment entered 7 November 1997 by the North Carolina Disciplinary Hearing Commission. Heard in the Court of Appeals 29 October 1998.

*Fern Gunn Simeon for plaintiff-appellee.*

*Johnson, Mercer, Hearn & Vinegar, PLLC, by George G. Hearn and Reed J. Hollander, for defendant-appellant.*

**N.C. STATE BAR v. BARRETT**

[132 N.C. App. 110 (1999)]

WALKER, Judge.

On 22 May 1997, the North Carolina State Bar (the State Bar) filed a complaint against defendant alleging she had violated the Rules of Professional Conduct of the State Bar. The allegations stemmed from defendant's commingling of personal funds with funds she received from rent she collected for Mark Ferguson.

The evidence presented by stipulation of the parties tended to show the following: Defendant is a licensed attorney in North Carolina who practices law and maintains an office in Asheville. In 1996, defendant agreed to act as an agent for Mark Ferguson in collecting rent payments from Daniel and Ellen Meekins who rented property belonging to Ferguson. No attorney-client relationship existed between defendant and Ferguson at any time between January 1996 and August 1997.

The Meekins lease began on 24 May 1996 and they paid their rent each month to defendant who then deposited the rental payments into her personal bank account at Blue Ridge Savings Bank, account number 53-202627-6 (the 6276 account). This account held money belonging to defendant on which she wrote personal checks. Ferguson authorized defendant to only use the rental proceeds for repair and maintenance of his rental property and to deduct her management fees.

The defendant did not send to Ferguson rental payments she collected from 24 May 1996 to 1 August 1996. In August 1996, defendant sent the rental proceeds for June and July 1996 to Ferguson's parents. Later, they wrote and telephoned defendant on several occasions and asked about the additional rental payments due to their son. In January 1997, defendant agreed to turn over the rental of Ferguson's property to Michael Ross, a realtor. On 15 January 1997, defendant sent the security deposit in the amount of $595.00 to Ross; however, defendant did not send Ross the additional rental payments that were owed to Ferguson.

On 4 February 1997, Ferguson's parents filed a grievance against defendant with the State Bar. On 14 February 1997, defendant deposited $3,675 of her personal funds into the 6276 account and gave Ferguson's parents checks which represented the rent proceeds with interest from August 1996 through January 1997, less maintenance fees, costs and management fees. In addition, defendant failed to

keep her bank statements for the 6276 account during her management of the property.

The Disciplinary Hearing Commission (DHC) made findings of fact and concluded that:

2. The defendant's conduct, as set out in the Findings of Fact above, constitutes grounds for discipline pursuant to N.C. Gen. Stat. § 84-28(b)(2) as follows:

(a) By failing to hold, maintain, and safeguard Ferguson's funds that she received in a fiduciary capacity, defendant unintentionally misappropriated fiduciary funds in violation of Rule 10.1(a) of the North Carolina Rules of Professional Conduct.[1]

(b) By not maintaining a bank account, separately identifiable from her business or personal account, to hold the funds that she held in a fiduciary capacity, defendant violated Rule 10.1(b) of the North Carolina Rules of Professional Conduct.

(c) By depositing Ferguson's funds into an account which contained her personal funds, defendant commingled fiduciary and personal funds in violation of Rule 10.1(a) of the North Carolina Rules of Professional Conduct.

(d) By not promptly paying funds due Ferguson, defendant violated Rule 10.2(e) of the North Carolina Rules of Professional Conduct.

(e) By not maintaining adequate minimum records regarding Ferguson's funds, defendant violated Rule 10.2(b) and (c) of the North Carolina Rules of Professional Conduct.

(f) By not reconciling the balances of funds that she held in a fiduciary capacity, defendant violated Rule 10.2(d) of the North Carolina Rules of Professional Conduct.

Additional findings of fact regarding discipline were then entered by the DHC as follows:

1. The defendant's misconduct is aggravated by the following factors:

(a) defendant's conduct involved multiple offenses; and

---

1. The Rules of Professional Conduct of the North Carolina State Bar have since been replaced by the Revised Rules of Professional Conduct of the North Carolina State Bar which became effective on 17 April 1998.

### N.C. STATE BAR v. BARRETT

[132 N.C. App. 110 (1999)]

(b) defendant's conduct resulted in the misappropriation of funds that she held in a fiduciary relationship.

The DHC also found defendant's misconduct was mitigated by several factors including: the absence of a prior disciplinary record; absence of a dishonest or selfish motive; full and free disclosure to the hearing committee or a cooperative attitude toward the disciplinary proceedings; and good character and reputation. The mitigating factors were found to outweigh the aggravating factors.

The DHC entered an order of discipline suspending the license of defendant for two years, but permitted the suspension to be stayed for two years upon certain terms and conditions.

On appeal defendant contends Rules 10.1 and 10.2 do not apply to her since she was in a business relationship outside the practice of law, that both rules are void for vagueness, and that the DHC found improper aggravating factors.

A *de novo* standard of review is appropriate when a petitioner argues that the administrative agency's decision was based on an error of law. *Friends of Hatteras Island v. Coastal Resources Comm.*, 117 N.C. App. 556, 567, 452 S.E.2d 337, 344 (1995). An incorrect statutory interpretation by an agency constitutes an error of law under N.C. Gen. Stat. § 150B-51(4) when the issue on appeal is whether the state agency erred in interpreting a statutory term. *Id.* This Court may then substitute its own judgment for that of the agency and employ *de novo* review. *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 678, 443 S.E.2d 114, 120 (1994).

**[1]** First, defendant contends that she was not required to comply with Rule 10.1 because she was only acting in a business relationship with Ferguson. Rule 10.1(a) states:

(a) Any property received by a lawyer in a fiduciary capacity shall at all times be held and maintained separately from the lawyer's property, designated as such, and disbursed only in accordance with these rules. These rules shall not be generally applicable to a lawyer serving as a trustee, personal representative or attorney in fact. However, a lawyer serving in such a fiduciary role must segregate property held in trust from property belonging to the lawyer, maintain the minimum financial records required by Rules 10.2(b) and (c) of this chapter, and instruct any financial institution in which property of a trust is held in accordance with Rule 10.2(f) of this chapter. . . .

**N.C. STATE BAR v. BARRETT**

[132 N.C. App. 110 (1999)]

The defendant conceded that a fiduciary relationship was created with Ferguson when she began acting as his agent in collecting the rent. Where there is a fiduciary relationship, a lawyer must keep any property received separate from his own property according to this rule. Thus, Rule 10.1 applies not only to a lawyer-client relationship but also to other business relationships the lawyer may engage in. Defendant's argument that the language of Rule 10.1(a) is merely an introduction to the substantive rule is unpersuasive. Therefore, the DHC properly concluded that defendant violated Rule 10.1(a) when she failed to separately maintain fiduciary funds and personal funds.

**[2]** Next, defendant contends the DHC erroneously concluded she violated Rule 10.2 (b) (c) (d) and (e) as her actions did not arise out of a lawyer-client relationship. Rule 10.2 (b)-(e) states:

(b) A lawyer shall maintain complete records of all funds, securities, or other property of a client received by the lawyer. . . .

(c) The minimum records of funds received and disbursed by the lawyer shall consist of the following:

(1) a journal, file of receipts, file of deposit slips, or checkbook stubs listing the source, client, and date of the receipt of all trust funds. . . .

(2) a journal, which may consist of cancelled checks, showing the date, receipt of all trust fund disbursements, and the client balance against which the instrument is drawn. . . .

. . .

(5) any bank statements or documents received from the bank regarding the account, including, but not limited to, notices of the return of any instrument drawn on the account for insufficient funds.

(d) A lawyer shall reconcile the trust account balances of funds belonging to all clients at least quarterly. A lawyer shall render to the client appropriate accountings of the receipt and disbursement of any funds, securities, or property belonging to the client in the possession of the lawyer. . . .

(e) A lawyer shall promptly pay or deliver to the client or to third persons as directed by the client the funds, securities, or properties belonging to the client to which the client is entitled in the possession of the lawyer.

**HARVELL v. N.C. ASS'N OF EDUCATORS, INC.**

[132 N.C. App. 115 (1999)]

The defendant argues that since no lawyer-client relationship existed, Rule 10.2 is not applicable. Plaintiff argues this Rule should be read in conjunction with Rule 10.1(a) and (b) because a lawyer who receives fiduciary property must maintain adequate records and promptly disburse such property. Rule 10.2 speaks specifically to the duty of a lawyer regarding property he holds and thus applies when there is a lawyer-client relationship. Since Rule 10.2 relates solely to lawyer-client relationships it can be interpreted independently of Rule 10.1. The DHC erroneously concluded that the defendant violated Rule 10.2.

Therefore, since we have concluded defendant did not violate Rule 10.2, we need not address the remaining assignments of error. This case is remanded to the DHC for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges JOHN and McGEE concur.